## BRYAN v. LANDON.

*Highway — bridge over stream between adjoining towns — commissioners of both towns jointly liable for neglect to repair.*

The commissioners of highways of adjoining towns *held* jointly liable for an injury caused by their neglect to keep in repair a bridge across a stream forming the boundary line between the towns, which had been erected and maintained as a joint bridge between said towns, the commissioners being shown to have sufficient funds in their hands for the purpose of repairing such bridge.

MOTION by defendants for a new trial after a verdict in favor of plaintiffs, on exceptions ordered to be heard at the general term in the first instance.

The action was brought by Lyman H. Bryan and others against Henry Landon, commissioner of highways of Lima, Livingston county, and Robert Chapin, commissioner of highways of West Bloomfield, Ontario county, to recover damages sustained by the plaintiffs from the breaking down of a bridge over Honeoye creek, which formed the boundary between said towns of Lima and West Bloomfield. Sufficient facts appear in the opinion.

*W. S. Newman*, for plaintiffs.

*E. A. Nash*, for defendants.

E. DARWIN SMITH, J. That the towns of Lima and West Bloomfield were bound to construct and maintain the bridge in question

at their joint expense was assumed and not disputed at the trial. The bridge crossed a stream dividing said towns and connected two public highways laid out, opened and in use in said towns respectively. The defendants were the commissioners of said towns, and as such were charged with the duty of giving directions for the repair of the roads and bridges of their respective towns. 1 R. S. 501. And by force of the act of 1841, chapter 225, as amended by chapter 383 of the Laws of 1857, they were also charged with the power and duty of providing for the building and maintaining such bridge between said towns.

The bridge in question having been erected and long maintained as a joint bridge between said towns the defendants, as commissioners of said towns, having sufficient funds in their hands for the purpose, were clearly bound to keep it in repair and in a safe condition for use by the traveling public.

The second section of the act of 1841, as amended in 1857, as above stated, expressly provides that "commissioners of said towns so liable (that is, liable to make and maintain highway bridges crossing a stream between two towns, at the joint expense of said towns), may be proceeded against jointly for any neglect of duty in reference to such bridges."

The same liability which, under the statute and at common law, would attach to these defendants for neglect to repair roads and bridges in their respective towns we think, under this statute, attaches to them jointly for any neglect in keeping in repair any highway bridge between said towns, constructed at the joint expense of said towns, and thus, by said act, made a joint bridge.

As was held in *Beckwith* v. *Whalen*, 5 Lans. 376, the law imposes an obligation upon two towns separated by a creek to build and maintain, at their joint expense, a bridge over said creek, when such bridge is necessary to connect two highways in the towns respectively. That is this case, and the duty imposed upon the said towns, the defendants, as the highway commissioners of their respective towns, were bound to discharge.

They were held liable at the circuit in the charge of the judge only upon the ground of negligence, and joint negligence on their part in the discharge of their duty. The verdict of the jury was founded and based upon proof tending to show that the defendants, having notice of the insecurity and defective condition of the bridge, negligently omitted to repair the same. The law is well-

settled that commissioners of highways are liable to respond in damages to any person suffering any special injury in consequence of their neglect of such duty. *Robinson* v. *Chamberlain,* 34 N. Y. 389; *Hover* v. *Barkhoof,* 44 id. 113.

No error at law was committed by the judge at the circuit in the charge and various rulings, and the motion for a new trial should be denied.

*New trial denied.*